UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

SARAH TOWNSEND, individually and
on behalf of all others similarly situated,

               Plaintiff,

               -v-                      5:23-CV-1419

HAZA FOODS, LLC, HAZA FOODS OF
NORTHEAST, LLC, and HAZA FOODS
OF MINNESOTA, LLC,

               Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

APPEARANCES:                           OF COUNSEL:

NYE, STIRLING, HALE,               BENJAMIN SWEET, ESQ.
  MILLER & SWEET LLP
Attorneys for Plaintiff
1145 Bower Hill Road, Suite 104
Pittsburgh, PA 15243

NYE, STIRLING, HALE,               JORDAN PORTER, ESQ.
  MILLER & SWEET LLP
Attorneys for Plaintiff
33 W. Mission Street, Suite 201
Santa Barbara, CA 93101

FISHER & PHILLIPS                  PHILLIP BAUKNIGHT, ESQ.
Attorneys for Defendants
430 Mountain Avenue, Suite 303
Murray Hill, NJ 07974

DAVID N. HURD
United States District Judge

## ORDER TO SHOW CAUSE

Plaintiff Sarah Townsend ("plaintiff") is a wheelchair user with a mobility disability. Defendants Haza Foods, LLC, Haza Foods of Northeast, LLC, and Haza Foods of Minnesota (collectively "defendants") own, lease, or operate something like four hundred Wendy's restaurants in the states of Texas, Louisiana, Minnesota, New York, and Ohio.

On November 15, 2023, plaintiff filed this putative nationwide class action under Title III of the Americans with Disabilities Act ("ADA"). Broadly speaking, the putative class complaint alleges that defendants' "existing but inadequate internal maintenance procedure" at their facilities has created "excessive sloping conditions in purportedly accessible parking spaces, access aisles, and curb ramps" that are hard to navigate in a wheelchair.

Plaintiff alleges that she resides in Oswego, New York. Compl. ¶ 8. She alleges that defendants are Texas and Delaware corporations with a principal place of business in Texas. *Id*. ¶¶ 10, 11, 12. And she alleges that she visited defendants' facility at 3050 Winton Road in Rochester, New York, where she suffered the alleged harm. *Id*. ¶ 17.

Based on those allegations, plaintiff has mislaid venue. Under the general venue provision, a civil action may be brought in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a

substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).[1]

Plaintiff's complaint invokes § 1391(b)(2). Compl. ¶ 34. For venue to be proper under that provision, "*significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question." *Gulf Ins. Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) (emphases in original).

Plaintiff's complaint alleges that she resides here; *i.e.*, in Oswego County, which is within the <u>Northern</u> District of New York. 28 U.S.C. § 112(a). But the events giving rise to her ADA claim; *i.e.*, the accessibility challenges she experienced, occurred at one of defendants' facilities in Rochester, New York.[2] Rochester (the one in New York, at least) is in Monroe County. And Monroe County is in the <u>Western</u> District of New York. 28 U.S.C. § 112(d).

Therefore, it is

ORDERED that

---

[1] A quick review of case law did not reveal any special venue-laying provision for non-employee ADA claims. *See, e.g.*, *Cooney v. Barry School of Law*, 994 F. Supp. 2d 268, 271 (E.D.N.Y. 2014).

[2] The complaint further alleges that investigators working on plaintiff's behalf found other violations at defendants' facilities in Wisconsin, Minnesota, Ohio, and New York. Compl. ¶ 30. The New York facilities were in Niagara Falls, *id.* ¶ 30(g), and at a second location in Rochester, *id.* ¶ 30(h). As with Rochester, though, Niagara Falls (in Niagara County) is still the <u>Western</u> District of New York.

1. Plaintiff must SHOW CAUSE, in writing, on or before March 25, 2024, why this action should not be transferred to the <u>Western</u> District of New York pursuant to 28 U.S.C. § 1406(a).

IT IS SO ORDERED.

Dated: March 18, 2024
       Utica, New York.

David N. Hurd
U.S. District Judge